**DENY; and Opinion Filed December 11, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01361-CV
### No. 05-17-01362-CV

### IN RE SENRICK WILKERSON, Relator

**Original Proceeding from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-01183 and F10-01184**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Boatright
Opinion by Justice Boatright

Before the Court is relator Senrick Wilkerson's November 27, 2017 notice of appeal in which he challenges the alleged failure of the trial court to rule on certain motions. We construe this notice as a petition for writ of mandamus seeking a writ ordering the trial court to rule on the motions.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). Further, as the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *In re Gonzales*, No. 14-16-01024-CR, 2017 WL 124343, at *1 (Tex. App.—Houston [14th Dist.] Jan. 12, 2017, orig. proceeding) (mem. op.); *see also Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding) (stating this proposition in a civil case).

The mandamus record must include a certified or sworn copy of the trial court's docket sheet or other proof that establishes relator filed the motions, requested the trial court to rule on the motions, and the trial court refused to rule or failed to rule within a reasonable time. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). The mandamus record does not include that proof.

The mandamus record must also show that relator alerted the trial court of his motion by setting it for submission or hearing, *In re Harris*, No. 14-07-00231-CV, 2007 WL 1412105, at *1 (Tex. App.—Houston [14th Dist.] May 15, 2007, orig. proceeding) (mem. op.), but the record here does not.

Accordingly, we deny relator's petition for writ of mandamus.

/Jason Boatright/
JASON BOATRIGHT
JUSTICE

171361F.P05